UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GREGORY HERBIG     Plaintiff

v.     Civil Action No. 3:19-cv-P395-RGJ

LOUISVILLE METRO DEPARTMENT
OF CORRECTIONS, *et al.*     Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Gregory Herbig[1] filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff is a convicted inmate at the Louisville Metro Department of Corrections (LMDC). He sues LMDC; LMDC Jailer Mark Bolton in his individual and official capacities; and Trinity Food Service.

Plaintiff states, "My violated right(s) were constitutionaly commited by cruel & unusual punishment in which damaged both my mental and physical aspect's of life." He reports that on May 21, 2019, dinner trays were served by Officer Shuler. He states that the trays "consisted of sppegattie & corn in which contained dead bug's namely maggots but not limited to." He states that his dorm was the second dorm to be served. He asserts that the entire floor was served the same tray. Plaintiff maintains, "During the time tray's were being served, is when this issue was

---

[1] The Court observes that Plaintiff lists only his own name in the caption, but in the portion of the complaint form where Plaintiffs are to be listed, he additionally lists Daniel T. Elder. Federal Rule of Civil Procedure 10(a) provides that the "title of the complaint must name all the parties[.]" Moreover, only Plaintiff filed an application to proceed *in forma pauperis*, and the grievances attached to the complaint only pertain to Plaintiff. For these reasons, the Court finds that Elder is not a Plaintiff to this action.

discovered, is when it was brought to Officer Shuler's attention and upon observation by Mr. Shuler, Mr. Shuler stopped serving all tray's & he then notified Sargent Gram." Plaintiff continues, "Upon the finding's by both Sargent Gram & Officer Shuler, Mr. Shuler the[n] collected all served & unserved tray's and sent everything back down to the kitchen after both video and camera shots were taken." Plaintiff asserts that when the kitchen staff observed the issue, they re-made new trays and served them to the entire floor later that evening.

Plaintiff states, "Since the time of the incedent to this present day, I have a fear of eating the meal's here at LMDC, due the admittance by change of food & lack of proper supervision by kitchen staff to inspect & properly serve eatable food." He further asserts, "Both open record's & grievance was filed as a matter of record & right to no avail to support this filing, again, with no reply from either, to this said date at bar."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "expunging entire criminal record."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Food tray

The Court construes Plaintiff's allegations concerning the condition of his food tray as alleging a claim under the Eighth Amendment's Cruel and Unusual Punishments Clause. An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with "deliberate indifference." *Wilson*, 501 U.S. at 303.

To state a constitutional violation for unsanitary food preparation, a prisoner must do more than allege a single or isolated incident of contamination. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). "The fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional

3

deprivation." *Smith v. Younger*, No. 95-5482, 1999 U.S. App. LEXIS 20168, at *6 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter) (internal quotation omitted); *see also Chavis v. Fairman*, 51 F.3d 275 (7th Cir. 1995) (holding that occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs); *Fant v. Jones*, No. CV 14-3574-SJO (SP), 2015 U.S. Dist. LEXIS 147657, at *9-10 (C.D. Cal. Sept. 14, 2015) (finding no Eighth Amendment claim where the plaintiff alleged that on three occasions over a two-year period he was served meals with insects either in his food or on his tray); *Wiley v. Dep't of Corr.*, No. 11-97-HRW, 2012 2012 U.S. Dist. LEXIS 166385, at *23 (E.D. Ky. Nov. 21, 2012) (holding that one incident of discovering a dead rat in soup was not actionable); *Bennett v. Misner*, No. 02-1662-HA, 2004 U.S. Dist. LEXIS 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.").

Plaintiff alleges only a single incident when his food contained maggots. He does not allege that his food is regularly infested with maggots, and he does not allege any harm. Moreover, it is evident that prison personnel quickly replaced the food trays after being notified of the issue. Therefore, the allegations do not rise to the level of an Eighth Amendment claim, and the § 1983 claim will be dismissed for failure to state a claim upon which relief may be granted.

## B. Grievance handling

The Court also construes Plaintiff's allegations that he did not receive a reply to his grievance as a separate constitutional claim. However, prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir.

2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases).

Therefore, Plaintiff's claim concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

## C. Open Records Act

Plaintiff also alleges that he did not receive a response to an Open Records Act request, although he does not identify what materials he requested. The Court construes the claim as alleging a violation of the Kentucky Open Records Act. An alleged violation of this state law does not give rise to a § 1983 claim. To state a claim under § 1983, "[a] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Kentucky Open Records Act is a state law, and a violation of that statute does not give rise to a § 1983 claim.

To the extent that Plaintiff is attempting to allege a procedural due process claim based on his Open Records Act request, the Kentucky Open Records Act, Ky. Rev. Stat. § 61.870 *et*

*seq.*, provides for an appeal process. Under Ky. Rev. Stat. § 61.880(5)(b), an individual who receives an unsatisfactory response to an open records request may appeal to the Attorney General. The individual may then appeal the Attorney General's decision in the circuit court of the county where the public records are maintained. Ky. Rev. Stat. § 61.882(1). Because Plaintiff has not alleged that he undertook any effort to appeal under the state appellate procedure, he cannot state a procedural due process claim under § 1983. *Violett v. Cohron*, No. 1:15-CV-P142-GNS, 2016 U.S. Dist. LEXIS 47492, 2016 WL 1421200, at *5 (W.D. Ky. Apr. 8, 2016). Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: September 18, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.010